Mary Lou Heinrich, Plaintiff-Appellee, v. Illinois Department of Public Aid and Harold O. Swank, Director, Defendants-Appellants.

Gen. No. 54,409.

First District, Third Division.
September 17, 1970.

William J. Scott, Attorney General of State of Illinois, of Chicago (Francis T. Crowe and Herman T. Tavins, Assistant Attorneys General, of counsel), for appellants.

Stanley A. Bass and William P. Schwarz, of Chicago, for appellee.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

The plaintiff, Mary Lou Heinrich, a recipient under the program for Aid to Families with Dependent Children (AFDC), brought this action under the Administrative Review Act. She contested a decision of the Illinois Department of Public Aid which approved deductions from the assistance payments made to her each month; the deductions were for the purpose of recovering an emergency clothing allowance granted to her by the department. The Circuit Court reversed the department and the department appeals. The plaintiff cross-appeals from that part of the court order denying her a retroactive restoration of two deductions already withheld.

In November 1968, Mary Lou Heinrich was twenty-five years of age, the mother of two children, six and two years old, and had been an AFDC recipient since June 1964. Included in the grant which she received monthly was a sum which was intended to cover the clothing requirements of her children and herself. In November 1968, she requested a special emergency clothing allowance and submitted to the Cook County Department of Public Aid an itemized list of wearing apparel which she contended was needed to properly clothe her family. She protested that all of the items she had were either worn out or outgrown, that she had never been issued a special clothing allowance and had not been able to buy enough clothing on her regular monthly clothing allowance. After consultation with her caseworker which resulted in a reduction in the number of items requested, Mrs. Heinrich was informed that she would be given a special allowance in the amount of $208.27.

A condition attached to the allowance was that the $208.27 was to be repaid over a twelve-month period by the deduction of $17.36 each month from her welfare grant. Mrs. Heinrich agreed to the condition with the understanding that it would be appealed to the State

Department of Public Aid. In her appeal she contended that her regular monthly clothing allowance was inadequate and that the deduction would reduce her family's standard of living below the minimum standard set by the department.

Mrs. Heinrich and representatives of the County department testified at the hearing and exhibits were introduced into evidence. The hearing officer recommended affirmance of the County department's ruling. The recommendation was approved by the director of the State department who wrote Mrs. Heinrich a letter stating in detail the reasons for his decision. He explained that it was the policy of the department to require deductions when special emergency allowances were granted for items which were in the recipient's regular budget; that the department set standards which provided a livelihood compatible with health and well-being and that, once having issued public aid funds in conformity with these standards, to reissue the same allowance for the same period would result in duplicate assistance. Upon Mrs. Heinrich's appeal to the Circuit Court, a preliminary injunction was entered prohibiting further deductions from her welfare check. Up to the time of the court's order in March 1969, the department had taken two monthly deductions which the court did not order restored. The court's final order was to the same effect as the preliminary injunction.

The Department of Public Aid possesses statutory authorization to "establish standards by which need for public aid will be determined and amend such standards from time to time as circumstances may require." Ill Rev Stats 1967, c 23, § 12–4.11. Pursuant to this authorization, the department has promulgated regulations, including regulations regarding the disbursement of emergency clothing allowances. The pertinent regulations in effect at the time Mrs. Heinrich sought an emergency allowance were these:

"Emergency Need for Clothing. The cost of providing or replacing essential clothing is budgeted when:

"Clothing has been destroyed by fire, flood or other disaster;

"There is insufficient clothing at the time of the initial grant or within 90 days thereafter;

"Clothing allowances have not been used to meet need because of poor management and immediate action is taken to help the recipient plan expenditures wisely.

"...

"...

"Budget Adjustment: Where the recipient has failed to use his regular clothing allowance to purchase essential clothing, the entire amount allowed for emergency need for clothing is to be deducted from the grant. The amount may be pro-rated over a period not to exceed 12 months." Illinois Department of Public Aid Categorical Assistance Manual, Chapter 1000, Topic 1006.3.

The department's Categorical Assistance Manual also provided that, if emergency grants were made for items included within the regular grant, an adjustment reflecting the duplicate assistance would be made in future grants:

"When there is emergency need for an item for which an allowance was included in the grant, assistance may be issued in an amount to meet this need.

"An adjustment in the grant for the following month or months to deduct assistance payments which con-

68

stitute duplicate assistance is required." Chapter 1500, Topic 1501.1.

The testimony before the State hearing officer disclosed that the special disbursal to Mrs. Heinrich was not made for any of the permissible reasons listed in Topic 1006.3 of the department's regulations: it was not made to replace clothing destroyed by fire, flood or other disaster; it was not made within 90 days of her initial grant and it was not made because she had failed to use her regular clothing allowance to purchase essential clothing or because she had mismanaged the funds previously disbursed to her. Further, the evidence showed that the emergency allowance was granted without verification of her needs or inspection of the clothing she had on hand. The testimony revealed that she joined an organization which promised that if she demonstrated with the other members she could get clothing for herself and children. The group "demonstrated" at the local public aid office and the clothing lists, furnished by the organization and checked by each demonstrator, were collected by a supervisor who turned them over to caseworkers. Mrs. Heinrich's caseworker sent for her, went over her list and revised it from $263.25 to $208.27.

Whether the County department responded to a genuine need or yielded to pressure is immaterial to the issue before this court. The regular clothing allowance budgeted for the Heinrich family starting in January 1969 was $17.33 per month or $207.96 for the year. The emergency allowance of $208.27, in effect, allotted them a year's supply of clothing in advance. But the allowance was not granted as an advancement. It was granted, presumedly, because the County department determined that Mrs. Heinrich and her children had an urgent need for additional clothing. The condition that accompanied the emergency allowance—the deduction of $17.36 per month from her regular monthly grant for the twelve

69

months of 1969—eliminated her clothing allowance for those months. The deduction was in accord with Topic 1501.1 of the department's regulations. The issue, however, is whether the deduction was in accord with the law governing public aid.

■ The Illinois legislature has singled out three instances when a recipient's aid grant may be reduced:

> "Aid payments shall not be reduced except for changes in (1) the cost of items included in the standards, (2) the expenses of the recipient, or (3) the income or resources available to the recipient." Ill Rev Stats 1967, c 23, § 12–4.11.

None of these instances occurred in Mrs. Heinrich's case. The deductions the department made in her welfare grant constituted a reduction in aid, but did not come within the statutory standards for making such a reduction. A reduction in aid to compensate for emergency assistance contravenes the Illinois statute. Therefore, the judgment of the Circuit Court disallowing future deductions is affirmed.

■ Our decision disallowing a deduction when an emergency allowance is granted is consonant with the present policy of the Illinois Department of Public Aid. The department's Official Bulletin No. 70.28(A), issued May 22, 1970, directs that "amounts authorized to meet emergency need for . . . clothing . . . will not be deducted from future grants to recipients." Illinois, as do all other states, participates in the federal Aid to Families with Dependent Children program. 42 USC, § 601 et seq. This program is financed jointly by the United States and the several states. Each state is free to determine the standard of need of the eligible families within its borders but this standard must be compatible with the federal statutes because of the federal funds allocated to the state. Dandridge v. Williams, 397 US 471, — L Ed2d — (1970); King v. Smith, 392 US 309,

70

20 L Ed2d 1118 (1968). The May 1970 directive of the Illinois Department, drawn to meet the requirements of the United States Department of Health, Education and Welfare, orders county departments to discontinue deductions made because the recipient has received duplicate assistance. Under this regulation, the problem posed by the instant case is not likely to arise again.

█ There remains to be considered the plaintiff's cross-appeal regarding the restoration of the monthly payments withheld by the department. These two deductions were made in accordance with the department's policy which we have found violative of the statutes of our State. Consistent with this finding we must reverse the trial court's order which held that the deductions previously taken from the plaintiff's regular monthly grant would not have to be returned. Because of this holding the trial court did not reach another question which has arisen between the parties: whether the department's appropriation would permit direct reimbursement or whether the plaintiff would have to proceed through the Court of Claims. The cause will be remanded for the resolution of this question and for the entry of an order consistent with this opinion.

Affirmed in part, reversed in part and remanded with directions.

SCHWARTZ and McNAMARA, JJ., concur.